UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

DONNELL HARRISON,

                              Petitioner,

          v.                                                    9:20-CV-0956
                                                                (MAD)
SUPERINTENDENT,

                              Respondent.

―――――――――――――――――――――――――――

APPEARANCES:                                          OF COUNSEL:

DONNELL HARRISON
14-B-2170
Petitioner, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. LETITIA JAMES                                   MARGARET A. CIEPRISZ, ESQ.
Attorney for Respondent                              Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

I.      **INTRODUCTION**

        Petitioner Donnell Harrison seeks federal habeas corpus relief pursuant to 28 U.S.C. §

2254.  Dkt. No. 1, Petition ("Pet.").  Respondent opposes the petition.  Dkt. No. 10,

Memorandum of Law in Opposition ("Resp. Mem."); Dkt. No. 11, Answer; Dkt. No. 12-1,

State Court Records ("SCR"); Dkt. No. 12-2, State Court Transcripts.  Petitioner was given

the opportunity to file a reply.  Dkt. No. 14, Text Order.

Instead, petitioner filed a motion to stay or, in the alternative, voluntarily withdraw his petition.  Dkt. No. 16.  Respondent opposes the motion to stay, but does not object to dismissal of the petition.  Dkt. No. 17.

## II.    BACKGROUND

### A.    The Direct Appeal and Post Conviction Challenges

Petitioner challenges a 2014 judgment of conviction in Tompkins County, upon a jury verdict, of first degree assault and second degree criminal possession of a weapon.  Pet. at 1-2; *accord People v. Harrison*, 162 A.D.3d 1207, 1208 (3rd Dep't 2018).[1]  On direct appeal, petitioner argued that he was entitled to relief because (1) his conviction was supported by legally insufficient evidence; (2) the trial court erred in not dismissing the indictment because petitioner did not receive timely notice of the grand jury hearing; (3) the pretrial identifications of petitioner were from an unduly suggestive photo array; (4) his statements during an interview with an investigator should have been suppressed; (5) his counsel was constitutionally ineffective when petitioner's attorney failed to address a situation during voir dire when two prospective jurors were allegedly discussing gun rights among themselves; (6) the trial court erred in failing to remove petitioner's leg shackles; (7) the trial court erred in failing to allow petitioner to be present for his trial; (8) the trial court erred when it did not grant the requested missing witness charge; (9) petitioner's sentence was harsh and excessive; and (10) the trial court erred in its *Molineaux* and *Sandoval* rulings.  SCR at 69-119.  The New York State Supreme Court, Appellate Division, Third Department, affirmed the

---

[1] For the sake of clarity, except for the State Court Records, Dkt. No. 12-1, which were separately paginated by a Bates stamp in the bottom right-hand corner of the exhibit, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system,.

judgment and, on February 22, 2019, the New York State Court of Appeals denied petitioner's application for leave to appeal.  Pet. at 2-3; *Harrison*, 162 A.D.3d at 1212, *lv. denied*, 32 N.Y.3d 1205 (2019).

Petitioner also filed two motions to vacate his judgment pursuant to New York State Criminal Procedure Law § 440.10 ("440 motion").  Pet. at 3-4.  The first was filed on December 8, 2016, and voluntarily withdrawn on July 24, 2017.  *Id.* at 3.  The second was filed on July 17, 2018.  *Id.* at 4.  Petitioner argued that he was entitled to relief because his counsel was constitutionally inadequate.  SCR at 39-63.  Specifically, petitioner's "attorney failed to object to the use of leg restraints . . . either mak[ing] the decision not to object . . . or . . . not realiz[ing that] he could request . . . a hearing [into the reason for the shackling]," which was well-established case law at that time.  SCR at 48.  On August 15, 2018, the 440 motion was denied.  Pet. at 4; SCR at 67-68.  The decision indicates that the county court sent a copy to petitioner.  SCR at 68.  However, "[t]he Tompkins County District Attorney's Office did not serve petitioner with a copy of the court's decision and order . . . [consequently. p]etitioner has not sought leave to appeal from the decision and order."  Resp. Mem. at 15. As respondent explains, "petitioner's 2018 CPL § 440.10 motion was, and still remains, pending."  *Id.*

### B.   Present Petition

Petitioner argues that he is entitled to federal habeas relief because (1) the trial court erred when it did not order the removal of petitioner's shackles, Pet. at 5-6; (2) his trial counsel was constitutionally ineffective, *id.* at 7-8; (3) the trial court erred in its *Molineaux* ruling and permitted prejudicial evidence to be admitted, *id.* at 8-10; and (4) the trial court

3

erred in allowing the identification evidence because the photo array was unduly suggestive, *id.* at 10-11.  With respect to the ineffective assistance of counsel claim, petitioner specifies that "[d]uring jury selection, defense counsel asserted that at least two jurors were mentioning guns or their opinions on guns, gun safety, or gun rights in the hallway and that discussion affected the other jurors.  Defense counsel made a motion for a mistrial but then withdrew the motion . . . ."  *Id.* at 7.

## III.    DISCUSSION

Petitioner's present motions seeks "to either hold this petition in abeyance . . . or to dismiss the petition without prejudice to the petitioner . . . so that [he] can fully exhaust his ineffective assistance of counsel claim."  Dkt. No. 16 at 1 (internal quotation marks omitted).  Liberally construing petitioner's submission, it appears he intends to appeal his second ineffective assistance of counsel claim – regarding the failure of his defense counsel to make arguments against, or request a hearing concerning, the leg shackles petitioner was made to wear during his trial – which was the subject of his second 440 motion.  Petitioner also seems to acknowledge that this represents a new claim, asking that "[i]f this Court were to deny this request, petitioner re[ceive] a two week extension of time to properly reply and seek amendments to his petition[.]"  *Id.* at 2.

Respondent opposes the motion to stay.  Dkt. No. 17.  Specifically, respondent argues that the petition is not mixed, so a stay is inappropriate.  *Id.* at 4.  Further, respondent contends that even if the claim were to be construed as exhausted, petitioner has failed to provide good cause for his failure to exhaust or demonstrate that his claim is not plainly meritless.  *Id.* at 5-8.  Respondent does not object to dismissal of the petition.  *Id.* at 9.

### A.    Motion to Stay

4

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277. While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches. . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019) (internal citations omitted).

Respondent's assertions are correct: petitioner has failed to satisfy the first prong of the *Rhines* standard. To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues

5

by invoking one complete round of the State's established appellate review process."
*O'Sullivan*, 526 U.S. at 845.

During petitioner's direct appeal, he argued he was entitled to relief based upon numerous claims, including each of the claims he asserts in his present petition. *Compare* SCR at 69-119 *with* Pet. at 5-11. Petitioner's claims were denied by the Appellate Division on the merits and presented to the Court of Appeals, which denied petitioner's application for leave to appeal. *Harrison*, 162 A.D.3d at 1208-12, *lv. denied*, 32 N.Y.3d 1205 (2019). Accordingly, petitioner has arguably exhausted these claims through his direct appeal. Thus, the petition is not mixed because all of the claims presently contained within petitioner's application have been exhausted.

However, as agreed upon by both parties, petitioner has failed to exhaust his ineffective assistance of counsel claim arguing that he is entitled to relief due to his counsel's failure to object to, or request a hearing regarding, his leg shackles during his trial. Resp. Mem. at 15-16; Dkt. No. 16 at 1-3. To the extent petitioner wishes to include this second ineffective assistance of counsel claim into his pending petition, he cannot do so through a motion to stay. Similarly, he cannot create a mixed petition by arguing his intentions to include new claims. *See Hall v. Woods*, No. 7:07-CV-9264, 2012 WL 2864505, at *5 (S.D.N.Y. July 12, 2012) ("Since Hall's petition currently contains only exhausted claims, the Court cannot treat his petition as 'mixed' for purposes of considering a stay under Rhines. Hall's request for a stay is therefore premature. In order to assert his new . . . unexhausted claim, Hall must move to amend his petition[.]") (citations omitted); *Spells v. Lee*, No. 1:11-CV-1680, 2011 WL 2532907, at *1 (E.D.N.Y. June 23, 2011) (concluding that petitioner's motion to stay was "premature" because his "petition contain[ed] only exhausted

6

claims" and he had not yet filed a motion to amend the petition to add the unexhausted claim); *Mills v. Girdich*, No. 1:03-CV-0341, 2008 WL 4371362, at *1 (W.D.N.Y. Sept. 17, 2008).  Because petitioner's proposed claims are not currently contained in his habeas petition, granting him a stay to exhaust those claims would serve little purpose.

Accordingly, because the petition is not mixed, petitioner's motion is denied.

### B.    Motion to Amend

Petitioner does not explicitly seek permission to amend his petition in his pending motion.  However, it appears that petitioner is aware that he is attempting to add a new, unexhausted claim to his pending petition and that would require an amendment to his pleading.

However, to the extent petitioner intended to make such a request, it must be denied.[2] The fact that petitioner's proposed amended claim is unexhausted, in combination with "the Court's refusal to grant a stay[,] necessarily means that it would be futile to grant Petitioner's request to amend the petition, since he would be adding unexhausted claims on which the Court could not grant habeas relief."  *Carr v. Graham*, 27 F. Supp. 3d 363, 364 (W.D.N.Y. 2014); *accord Escalera v. Lempke*, No. 1:15-CV-0674, 2018 WL 3342572, at *2 (W.D.N.Y. July 9, 2018); *Jones v. Miller*, No. 1:14-CV-9774, 2016 WL 8471357, at *9 (S.D.N.Y. May 17, 2016).

### C.    Motion to Withdraw

---

[2]  Additionally, petitioner failed to comply with the rules regarding formatting of the present motion.  Local Rule 15.1 requires that a petitioner seeking to amend attach a complete proposed amended petition that raises both the claims now raised in his pending petition and the new claim(s) that petitioner wants to add.  See N.D.N.Y. L.R. 15.1(a)(4) ("A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers.  Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supercede the original pleading in all respects.  A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference.")

Alternatively, if petitioner's motion to stay was not granted, petitioner sought permission to withdraw his petition without prejudice.  Dkt. No. 16 at 1.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions.  28 U.S.C. § 2244(d)(1).  When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal.  *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009).  Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires.  28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548.  The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken.  *Saunders*, 587 F.3d at 548.[3]

The Third Department affirmed petitioner's conviction and, on February 22, 2019, the New York State Court of Appeals denied petitioner's application for leave to appeal.  Pet. at 2-3; *Harrison*, 162 A.D.3d at 1212, *lv. denied*, 32 N.Y.3d 1205 (2019).  Petitioner's conviction become final on May 23, 2019, when the time to seek certiorari expired.  However, petitioner filed his second 440 motion before that date, on July 17, 2018, and that motion still appears

---

[3]  The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418).  Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

to be pending.  Pet. at 4; Resp. Mem. at 15-16; Dkt. No. 16 at 1-3.  Therefore, petitioner's statute of limitations has not yet begun because it has been, and remains, statutorily tolled by his properly filed collateral attack to his state court conviction.  S*ee Bennett v. Artuz*, 199 F.3d 116, 120-21 (2d Cir. 1999) (explaining that a motion remains pending in state court, for purposes of tolling, if petitioner "was never served with a copy of the order denying the . . . motion [as] he could not apply for a certificate for leave to appeal because the thirty-day period for applying for the certificate has not yet commenced."); *James v. Smith*, No. 9:12-CV-857 (FJS/ATB), 2013 WL 4519773, at *2 n.3 (N.D.N.Y. Aug. 26, 2013) (deeming a petition timely where "respondent admitted that he was unable to establish that the District Attorney's Office served petitioner himself with a copy of the Appellate Division's Order[; t]herefore, petitioner's time to seek leave to appeal to the Court of Appeals ha[d] not yet expired . . .  and the AEDPA statute of limitations was not exceeded.").  Petitioner is reminded that he should promptly re-file his petition when he has completed exhausting his claims in state court, as he has adequate time in which to do so.

Accordingly, the Court will grant petitioner's request to withdraw and dismiss the petition without prejudice and with leave to re-file once all state court remedies have been successfully exhausted.  *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so.  Accordingly, we dismiss DiGuglielmo's petition without prejudice.  This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if

9

necessary.") (footnote omitted).[4]

## IV.    CONCLUSION

**WHEREFORE**, it is

**ORDERED**, that petitioner's motion to stay, Dkt. No. 16, is **DENIED**; and it is further

**ORDERED**, that petitioner's motion to withdraw his petition, Dkt. No. 16, is **GRANTED**. Petitioner's motion shall be **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[5]  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 23, 2021
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[4]  The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition would be being dismissed for failure to exhaust and not on the merits.  *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

[5]  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

10